Nora P. Gillis *vs.* Mary C. Melone.

FEBRUARY 29, 1940.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of assumpsit. At the trial in the superior court the jury returned a verdict for the defendant as to the plaintiff's claim, and on the former's

plea in set-off returned a verdict for her against the plaintiff, in so far as said plea was based on an item of $75, represented by a certain check, but found for the plaintiff as to the remaining portion of the defendant's claim in set-off. Following the denial by the trial justice of the plaintiff's motion for a new trial, she duly prosecuted her bill of exceptions to this court.

The evidence herein shows that the plaintiff is a physician in Providence specializing in nervous and mental diseases. The defendant, a business woman, consulted her professionally in regard to a nervous condition. The present action was brought by the plaintiff, who declared only on book account and on the common counts, to recover a balance of $145 which she alleges is due her from the defendant because of professional services rendered the latter. The bill of particulars filed by the plaintiff reveals that her total charge for such services was $303 and that the defendant had paid on account $158, exclusive of the item of $75. It also appears from the bill of particulars and from the plaintiff's evidence that the services in question covered a period from June 15, 1936, to January 9, 1937, and comprised some thirty-three consultations and treatments varying in length from about one to five hours each.

The defendant's plea in set-off was for the sum of $200 made up of two separate and distinct claims. The first was for the recovery of $125 allegedly advanced to the plaintiff under a condition not fulfilled by her, and the second was for the recovery of a payment made by the defendant to the plaintiff of $75 as evidenced by the check above mentioned. The plaintiff is now relying on only two of her exceptions, namely, to the refusal of the trial justice to grant her motion, made at the conclusion of all the evidence in the case, that the defendant's plea in set-off be "dismissed", and also to his refusal to grant the plaintiff's motion for a new trial.

While the first of the above motions was designated by the plaintiff as a motion to "dismiss" the plea in question, such motion was virtually a request to the trial justice to withdraw the plea from the consideration of the jury and instruct them to disregard it. We so treat the motion. The plaintiff contends, in substance, that her above motion should have been granted because the defendant's evidence did not support the allegations of the plea in set-off. However, the $125 item in the plea was supported by the defendant's testimony and by that of her brother, who was a witness on her behalf. The fact that she had in a letter to the plaintiff made certain statements regarding the understanding between them, which statements appeared to be inconsistent with the claim made in the plea in set-off for the repayment of the $125 paid the plaintiff by the defendant, would not, in view of the other evidence in the case on this question, justify the trial justice in withdrawing from the consideration of the jury that part of the plea.

The plaintiff denied that there was any understanding between the parties whereby she was to repay the defendant any money which had been paid for services rendered. The plaintiff also urged that the defendant herself terminated the treatments given her by the plaintiff before they were completed, and hence was not in a position to complain regarding the result of such treatments. Under all these circumstances it was for the jury to determine on the conflicting evidence whether or not this part of the defendant's plea in set-off had been properly proved. Furthermore, the plaintiff was not harmed by the submission to the jury of that portion of the plea because the jury, in that connection, evidently accepted the plaintiff's version of the transaction and found in her favor and against the defendant.

The item of $75 in the defendant's plea in set-off was represented by a certain check sent by the defendant to the plaintiff, who simply kept it. This check, which was an ex-

hibit in the case, was drawn by a bank, made payable to the defendant, and by her endorsed over to the plaintiff. Added to the endorsement were the following words: "in full settlement of my account". In a letter, dated January 25, 1937, and which accompanied this check, the defendant stated that she was enclosing a corrected statement of the account between the parties, and that the check in question was in full settlement of such account.

The plaintiff contends, in substance, that the statement in that letter concerning the reason for sending the plaintiff $75 differs so radically from the statement contained in the plea in set-off regarding the purpose of such payment, that the defendant was not entitled to have this item submitted to the jury. We are unable to agree with this contention. Assuming that the statement in the plea giving the reason for making the payment is a material and necessary part of the plea, concerning which point there may be a question, we are of the opinion that the statements involved were not so inconsistent as to require the trial court to withdraw the item of $75 from the jury's consideration, as the plaintiff had requested. In our opinion, both statements may reasonably be construed as explanations of an attempt by the defendant to settle or adjust the then existing difference between the parties regarding the transaction involved.

We find, therefore, that the trial justice did not commit error in refusing to withdraw from the consideration of the jury the defendant's plea in set-off, and the plaintiff's exception to his action in that connection is overruled.

The plaintiff's motion for a new trial contained the usual grounds. In support of her case the plaintiff testified, in substance, that prior to the rendering of the services in question, the parties entered into an oral agreement whereby the defendant was to pay the plaintiff $10 for each treat-

ment given; that such treatments, which were referred to as a "re-educational course", were to be given once a week for approximately one hour each time; and that it was understood that the treatments, to be effective, would have to continue for at least six months.

On the other hand, testimony on behalf of the defendant tended to show that she told the plaintiff at the time the arrangement for treatments was made that she, the defendant, could not afford to pay $10 for each treatment, but that she was willing to "advance" $5 at such, times and, if she was cured of her difficulty, she would pay the plaintiff a lump sum at the conclusion of the "course", at the rate of $5 for each such treatment. In response to this suggestion, according to the defendant's evidence, the plaintiff stated that she was so sure of the efficacy of the course that she would gamble on the result, and if the defendant was not cured after taking the course, she need make no further payments to the plaintiff and, in addition, the latter would repay to the defendant such sums as had already been paid under the agreement. The plaintiff denied entering into any such understanding.

It appeared from the evidence that, after receiving treatments for more than six months and apparently being still nervously upset, the defendant terminated the arrangement and asked the plaintiff for her account. The evidence further shows that the defendant paid the plaintiff sums, not involved herein, for certain special services and examinations outside of the agreement in question, and also usually paid $5 when each treatment was given, but that the parties were in dispute as to the number of treatments and the total amount paid.

On this conflicting and contradictory state of the evidence the issues raised by the plaintiff's claim and the defendant's plea in set-off were clearly for the jury to determine in the

first instance. The trial justice sustained their verdict, stating that it was supported by the evidence and that it did substantial justice between the parties. The credibility of the witnesses was of great importance in the instant case. The jury and the trial justice had the benefit of seeing and hearing them testify. After considering the evidence herein, we cannot say that the trial justice was clearly wrong in denying the plaintiff's motion for a new trial on the ground that the verdict was against the weight of the evidence.

In support of her motion, however, the plaintiff also contends that the jury's findings are inconsistent. We do not agree with this contention. The jury evidently disbelieved the plaintiff's version of the agreement, but, on the other hand, accepted only part of the defendant's version thereof. This they had a right to do. The jury refused to allow the defendant to recover from the plaintiff what had been paid for the treatments in question, evidently considering such payments, referred to by the defendant as "advances", as compensation to the plaintiff, under the agreement, for services rendered.

It is also our opinion that the general verdict is not inconsistent with certain special findings made by the jury in response to questions submitted to them by the trial justice without objection by the parties. Any apparent inconsistency seems to us easily explainable. The trial justice felt that the presence in the case of the check for $75, hereinbefore referred to, required that such questions be answered. As already noted, this check, which is still held by the plaintiff, is not a check drawn by the defendant, but is a bank check endorsed over to the plaintiff. It was sent to the plaintiff by the defendant in full settlement of the latter's account at a time when a dispute existed between the parties. The plaintiff declined to accept the check upon that condition but, nevertheless, did not return it to the defendant. Under all the circumstances the jury might well view

that transaction as merely an offer to settle the pending dispute. The offer, not having been accepted by the plaintiff, did not affect the rights of either party when the case came on for trial, and the defendant could well ask, as she did, for the repayment of the $75 advanced for the purpose of settling the account.

In our judgment, the reference in the verdict to a return and restoration to the defendant of the check in question was improper, in view of the nature of this case, but may be treated as surplusage and therefore disregarded. It is clear that on the whole case, the defendant's plea in set-off being considered, the verdict of the jury was that the defendant should recover from the plaintiff $75, but no more. In view of the form of the plea in set-off and the charge of the trial justice, to which no exception is pressed, the verdict is to be regarded as one for the defendant for the above sum. How a judgment on this verdict is to be satisfied by the plaintiff is not involved in this case.

The plaintiff's motion for a new trial on the ground that the findings of the jury were inconsistent was properly denied by the trial justice. The plaintiff's exception to his refusal to grant such motion is overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.

*McKiernan, McElroy & Going, Peter W. McKiernan, John S. McKiernan,* for plaintiff.

*Augustine H. Downing,* for defendant.